IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MANDY DANDERSON, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   No.: 1:21-CV-00976 |
| | § |
| WALMART EAST, LP, and | § |
| THOMASINA GONZALES | § |
| | § |
| Defendants. | § |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Walmart East, LP ("Walmart") and Thomasina Gonzales ("Gonzales"), collectively "Defendants," file this Notice of Removal removing Cause No. D-202-CV-2021-05064 from the Second Judicial District Court, Bernalillo County, New Mexico to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

### I. PROCEDURAL BACKGROUND

1. On August 27, 2021, Plaintiff Mandy Danderson ("Plaintiff") filed her "Complaint for Wrongful Discharge and Intentional Infliction of Emotional Distress" in the Second Judicial District Court, Bernalillo County, New Mexico styled *Mandy Danderson v. Walmart East, LP and Thomasina Gonzales*, No. D-202-CV-2021-05064. In her Complaint, Plaintiff alleges two claims. First, she asserts a claim for retaliatory discharge against Walmart based on the termination of her employment. Second, she asserts a claim for prima facie tort against Gonzales.

2. With respect to Plaintiff's claims against Gonzales, she does not provide much detail. Plaintiff mentions Gonzales in only a few paragraphs. In the first, Plaintiff says Gonzales was "promoted to the Market asset protection manager." *See* Pl.'s Orig. Compl. ¶ 11. Plaintiff then claims she reported to someone (not Gonzales) that asset protection associates were using

1

excessive force on invitees. *See id.* ¶ 12. Plaintiff claims Gonzales then told her to "disregard the incidents" and that "the issues would be addressed." *See id.* ¶ 13. Plaintiff claims the excessive force continued and Gonzales witnessed one such event. *See id.* ¶ 14. After allegedly reporting that incident, Plaintiff claims she was terminated on September 5, 2019. *See id.* ¶ 17. The day after her employment ended, Plaintiff requested that Walmart conduct an investigation into Gonzales. *See id.* ¶ 18. Those are the only facts Plaintiff alleges to support her prima facie tort claim against Gonzales. *See generally* Pl.'s Orig. Compl.

3.   While Plaintiff does not identify the total amount she seeks in damages, she states that she seeks to recover "lost wages and benefits" and damages "that would make her whole for all earnings she would have received but for Defendants' retaliatory treatment, including, but not limited to, wages, pension and other benefits." *See* Pl.'s Orig. Compl. ¶¶ 20, para. (A). At the time Plaintiff's employment with Walmart ended, she earned $3,334.63 every two weeks, or $86,700.28 per year. *See Exh. A* (Decl. ¶ 3). As noted in the Complaint, her employment ended in September 2019. *See* Pl.'s Orig. Compl. ¶ 17. As a result, her lost wages through September 2021 are approximately $173,400.76 ($86,700.38 x 2 years).

4.   Additionally, Plaintiff seeks to recover compensatory damages, punitive damages, and attorneys' fees. *See* Pl.'s Orig. Compl. ¶¶ 21, 24, para. (A)-(E).

5.   Defendants removed this case within 30 days of Walmart being served. This removal is thus timely filed. True and correct copies of all pleadings served on Defendants are attached hereto.

## II. DIVERSITY JURISDICTION

### A. There is Complete Diversity of Citizenship Between Plaintiff and Defendant Walmart

6. The District Courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that Walmart is now, and at the time the action was filed, diverse in citizenship from Plaintiff. Upon information and belief, Plaintiff is a resident and citizen of New Mexico. *See* Pl.'s Orig. Compl. ¶ 2. Walmart is a Delaware limited partnership. *See Exh. B* (Decl. ¶ 3). WSE Management, LLC, a Delaware limited liability company, is the general partner and WSE Investment LLC, a Delaware limited liability company, is the limited partner. *See Exh. B* (Decl. ¶ 5). The sole member of WSE Management, LLC and WSE Investment LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company, whose parent company is Walmart Inc. *See Exh. B* (Decl. ¶ 6). Walmart, Inc. is incorporated in Delaware and has its principal place of business in Arkansas. *See Exh. B* (Decl. ¶ 4). Thus, there is complete diversity of citizenship between Plaintiff and Walmart.

### B. Gonzales Is Improperly Joined

7. Although Gonzalez is a non-diverse defendant, her citizenship must be disregarded because she has been improperly joined in this case to obstruct the Court's diversity jurisdiction.

#### 1. *Improper Joinder Standard*

8. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); *see also Bellman v. NXP Semiconductors USA, Inc.*, 248 F.Supp.3d 1081, 1116 (D.N.M. 2017) ("The Court will accordingly use the following standard for fraudulent joinder:

3

whether the defendant has demonstrated that there is no possibility that the plaintiff will obtain a judgment against an in-state defendant.").

9.      As discussed below, Plaintiff cannot maintain her cause of against Gonzales under New Mexico law.

*2.      Plaintiff cannot maintain a prima facie tort claim against Gonzales because Plaintiff was an at-will employee*

10.     In New Mexico, the elements of prima facie tort require: "(1) an intentional, lawful act by defendant, (2) an intent to injure the plaintiff, (3) injury to the plaintiff, and (4) the absence of justification or insufficient justification for the defendant's acts." *Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 247 (D.N.M. 1992) (citing, among other things, Restatement (Second) of Torts § 870 (1977)). Plaintiff—an at-will employee—cannot satisfy these elements based on her claims for retaliatory discharge and prima facie tort.

11.     "[N]ew Mexico law does not recognize a claim for prima facie tort in employment-at-will situations." *See Cordova v. PNM Elec. and Gas Servs.*, 72 Fed. Appx. 789, 793 (10th Cir. 2003) (unpublished) (citing cases). "As the Restatement explains, the use of the term 'injury,' in §870, means that the harm must be to a legally protected interest of the plaintiff." *Yeitrakis*, 804 F. Supp. at 247 (internal quotations and alterations omitted). And "the established doctrine of employment at will does not provide Plaintiff with a 'legally protected interest' in either continued employment or in termination only for just cause." *Id.* As a result, the "claim can only survive if the court finds that there was a valid contractual relationship," *Cordova*, 72 Fed. Appx. at 793, and here, there is no such contract. For that reason alone, Plaintiff's prima facie tort claim should be dismissed. *See id.*

12.     Furthermore, Plaintiff cannot meet the elements of prima facie tort. If Defendant's "termination of Plaintiff's employment was in breach of an implied contract or a tortious wrongful

4

discharge, and thereby in either instance *unlawful*, the first element of a lawful act cannot be met." *Hill v. Cray Research*, 864 F.Supp. 1070, 1078 (D.N.M. 1991) ("If that be the case, Plaintiff has failed to allege lawful conduct, a necessary part of the first element of a prima facie tort.").

13.     On the other hand, "[i]f those claims are unfounded and the termination was thereby lawful, in accordance with the employment at will doctrine, the second element of an intent to injure cannot be met." *Id.*; *see also Cordova*, 72 Fed. Appx. at 793.

14.     Stated differently, by alleging that she was wrongfully discharged as part of her at-will employment, it is impossible for Plaintiff to establish either element (1) or (2) of a prima facie tort. For those reasons alone, her claim should be dismissed.

15.     Moreover, prima facie tort is not a claim available to a party if the factual basis supporting the claim is within the scope of an established tort. *See Hill*, 864 F.Supp. at 1080. For instance, in finding that the plaintiff's claim for prima facie tort was properly dismissed in *Hill*, the court relied on the fact that the plaintiff's pleaded facts were identical to those used to support the other pleaded causes of action. *Id.* When the factual basis supporting a claim for prima facie tort are duplicative of those used to support other claims, prima facie tort is not a theory of recovery available and is susceptible to a motion to dismiss. *Id.*; *Healthsource, Inc. v. X-Ray Associates of New Mex., P.C.*, 2005-NMCA-097, ¶ 36, 138 N.M. 70 ("Here . . . Plaintiff does not assert any separate factual basis to support its prima facie tort claim. The only facts used to support the claim are those incorporated from other causes of action mentioned within the complaint. Thus, even if there were standing, we would likely conclude . . . that the district court did not err in dismissing Plaintiff's prima facie tort claim because the cause of action duplicates other claims made by Plaintiff."); *see also Stock v. Grantham*, 1998-NMCA-081, ¶ 38, 125 N.M. 564.

16. The same is true here. For her prima facie tort claim, Plaintiff does not identify any additional facts from those supporting her retaliatory discharge claim. She simply states one set of facts that apply to both claims, and then she recites the elements of prima facie tort without providing any additional facts to support that claim. *See* Pl.'s Orig. Compl. ¶¶ 26-28.

17. By relying on the same set of facts for both claims and by seeking redress for the only harm mentioned in her Complaint (the termination of her employment), Plaintiff is repackaging her retaliatory discharge claim into prima facie tort in the event her retaliation claim fails. That is improper. *See Hill*, 864 F.Supp. at 1079 ("In fact, the New Mexico Supreme Court clearly stated that prima facie tort should not be used to evade stringent requirements of other established doctrines of law and specifically referred with approval to the law of Missouri where prima facie tort cannot be used to avoid the employment at will doctrine.") (internal quotations omitted).

18. As a result, Plaintiff's prima facie tort claim against Gonzales should be dismissed, and Gonzales is fraudulently joined.

    **C.**     **The Amount In Controversy Requirement Is Met**

19. The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case. *See* 28 U.S.C. § 1332(a). In removal cases based on diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953, 955 (10th Cir. 2008). A defendant can satisfy this burden through multiple methods, including, but not limited to, "by calculation from the complaint's allegations" or "by reference to the plaintiff's informal estimates or settlement demands." *See id.* at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

20. Here, Plaintiff's request for lost wages demonstrates that the amount-in-controversy requirement is met. As part of her damages, Plaintiff seeks to recover lost wages from the time her employment ended to the time of trial. Even calculating that amount to the present time (months before trial) demonstrates that more than $75,000 is at issue. Plaintiff earned $86,700.28. She was discharged over 2 years ago. As a result, her lost wages through September 2021 are approximately $173,400—well over the $75,000 threshold. For that reason alone, the amount-in-controversy requirement is met.

21. Further adding to the amount in controversy is Plaintiff's request for punitive damages. Plaintiff can recover punitive damages for her common law retaliatory discharge claim. *See Rhein v. ADT Auto., Inc.*, 1996-NMSC-066, ¶ 30, 122 N.M. 646. And "a good rule of thumb for estimating the value of a punitive damages claim is to use an amount equal to compensatory damages [consisting of] back pay plus front pay." *See Jones v. Legacy Burgers, LLC*, 2021 WL 979629, at *4 (D.N.M. 2021) (Herrera, J.). In this case, that would result in a punitive damages award of back pay ($173,000) which will only increase the amount in controversy.

22. Moreover, Plaintiff seeks attorney's fees. The "Supreme Court has long held that when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also Salazar v. GEICO Ins. Co.*, 2010 WL 2292930, at *5-*10 (D.N.M. 2010) (Browning, J.). When attorney's fees are added to Plaintiff's lost wages and punitive damages, the amount-in-controversy requirement is met.

23. In short, the amount-in-controversy requirement is met in this case based on Plaintiff's lost wages damages alone, and further confirmed by her request for punitive damages and attorney's fees.

24. Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

### III.  PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

25. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

26. Defendants will promptly give Plaintiffs written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendants will also promptly file a copy of this Notice of Removal with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

27. True and correct copies of all process, pleadings, and the orders served upon Defendants in the state court action are being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.

28. Pursuant to 28 U.S.C. § 1446(b), this Notice Removal is filed within thirty (30) days after service of the initial pleading setting forth a removable claim.

ACCORDINGLY, Defendants hereby remove Cause No. D-202-CV-2021-05064 from the Second Judicial District Court, Bernalillo County, New Mexico on this 7th day of October, 2021.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
(915) 533-4424
(915) 546-5360 (FAX)

By: */s/ Clara B. Burns*
CLARA B. BURNS
State Bar No. 7738
Clara.Burns@kempsmith.com
JOSE A. GONZALEZ
State Bar No. 140798
Abe.Gonzalez@kempsmith.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7th, 2021, a true and correct copy of the foregoing document was served on attorneys for Plaintiff, Donald G. Gilpin and Christopher P, Machin, 6757 Academy Road NE, Suite B, Albuquerque, New Mexico 87109 via certified mail return receipt requested.

*/s/ Jose A. Gonzalez*
JOSE A. GONZALEZ