## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

MANDY DANDERSON,

     Plaintiff,

v.                                                          No. 1:21-cv-00976-DHU-KK

WALMART EAST, LP
and THOMASINA GONZALES,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Mandy Danderson's Motion to Remand (Doc. 3). Defendants Walmart East, LP, and Thomasina Gonzales responded in opposition to the motion (Doc. 7), to which Plaintiff filed a reply (Doc. 9). After carefully considering the motion, briefs, relevant law, and being fully informed of the premises the Court **GRANTS** the motion.

## BACKGROUND

According to Plaintiff's complaint, she began working for Defendant Walmart in 2000 and moved her way up to store manager. *See* Compl., at ¶¶ 7, 9, 10, Doc. 1-4. During her time as a store manager, she never received any discipline. *Id*., at ¶ 10. In early 2019, "Plaintiff filed reports of asset protection associates using excessive force on invitees." *Id*., at ¶ 12. Her reports described how "the asset protection associates would slam individuals to the ground, punch individuals and take the individuals to places that cameras would be unable to capture." *Id*.

As alleged in the pleadings, after Plaintiff made these reports the market asset protection manager, Defendant Thomasina Gonzales, directed Plaintiff to disregard the incidents and

assured Plaintiff that the issues would be addressed. *Id.*, at ¶¶ 11, 13. The issues nevertheless persisted and "the excessive force continued." *Id.*, at ¶ 13.

In July 2019, another employee punched a patron multiple times in the face in Plaintiff and Ms. Gonzales' presence.  *Id.*, at ¶ 14. Plaintiff told Ms. Gonzales that action needed to be taken. *Id.* Plaintiff reported that the asset protection team's conduct put employees and customers at risk because of the excessive force used and because of the potential for escalating responses from the victims. *Id.* Plaintiff also became aware that video footage of the incident was "no longer available." *Id.*

About a month after she made this report, Plaintiff "was shown a posting of her job position that she currently held."  *Id.*, at ¶ 16. On September 5, 2019, Plaintiff was terminated. *Id.*, at ¶ 17. She was told that she was fired because Ms. Gonzales opened an investigation which found that had Plaintiff allowed an employee to operate a power lifting equipment without a license.  *Id.*, at ¶ 19. However, this incident occurred months prior, and another manger involved was not singled out for termination like Plaintiff was. *Id.* The day after Plaintiff's termination, she asked Walmart to investigate Ms. Gonzales. *Id.*, at ¶ 18.

On August 27, 2021, Plaintiff filed a two-count complaint for retaliatory discharge (Count 1) and prima facie tort (Count 2) in the Second Judicial District Court of Bernalillo County, New Mexico.[1] In Count 1, Plaintiff alleged that "Defendant … retaliated against Plaintiff by terminating his [sic] employment for reporting safety concerns in the workplace in violation of New Mexico Public Policy." *Id.*, at ¶ 23. Count 2 for prima facie tort appears to be directed only at Ms. Gonzales. The first paragraph of Count 2 incorporated the prior allegations of the complaint. *Id.*, at ¶ 25. The complaint then alleged three sentences: that Ms. Gonzales

---

[1] The complaint is entitled "Complaint for Wrongful Discharge and Intentional Infliction of Emotional Distress." Despite the complaint's title, it asserts no cause of action for IIED.

"intentionally acted with the intent to harm Plaintiff"; that "Ms. Gonzales' actions were without justification and tortuous," and that Ms. Gonzales' "actions caused Plaintiff harm." *Id.*, at ¶¶ 25-28.

On October 7, 2021, Defendants removed the lawsuit to federal court based on the diversity of the parties' citizenship under citizenship under 28 U.S.C. § 1332(a). *See* Notice of Removal, Doc. 1. Defendants contend that Ms. Gonzales was fraudulently joined to defeat diversity jurisdiction. On November 8, 2021, Plaintiff moved to remand, which the Court proceeds to analyze below.

## STANDARD OF REVIEW

A defendant may remove a state court action to federal court only when the case originally might have been brought in the federal court, including on the basis of diversity of citizenship. 28 U.S.C. § 1441(a). One of "[t]he basic statutory grants of federal-court subject-matter jurisdiction" is contained in 28 U.S.C. § 1332, which provides for diversity of citizenship jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (brackets omitted). "[T]o invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds \$75,000."[2] *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation and quotation marks omitted). Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant. *Id.*

When a case lacks complete diversity, a defendant may nonetheless remove the case to federal court based on diversity jurisdiction if the defendant can show that a plaintiff fraudulently joined a non-diverse party. *Ramirez v. San Miguel Hosp. Corp.*, No. 1:21-CV-1080-DHU-SCY, 2022 WL 632841, at *3 (D.N.M. Mar. 4, 2022); *McDaniel v. Loya*, 304 F.R.D. 617, 626

---

[2] The amount-in-controversy component of diversity jurisdiction is not disputed.

3

(D.N.M. 2015) ("A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction.")

Fraudulent joinder exists when the removing party demonstrates either: (i) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court or (ii) actual fraud in the plaintiff's pleading of jurisdictional facts. *Dutcher*, 733 F.3d at 988. Because fraudulent joinder analysis is ultimately "a jurisdictional inquiry," *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004), the reviewing court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). To prove fraudulent joinder, the removing party must demonstrate

> that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at **1-2 (Table) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)) (emphasis added). In addition, "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-853 (3d Cir. 1992) (quoted in *Montano*, 2000 WL 525592 at *2).

"[B]ecause the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). "Removal statutes are to be

strictly construed, [ ] and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09 (1941)). A district court must remand a case to state court whenever the district court lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

## DISCUSSION

### A. The Parties' Arguments

Defendants rely on the second prong of the fraudulent joinder test—the inability of Plaintiff to establish the basic elements of a prima facie tort cause of action against Ms. Gonzales. The elements of a prima facie tort claim under New Mexico law requires showing of: "(1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act." *Beaudry v. Farmers Ins. Exch.*, 412 P.3d 1100, 1104 (N.M. 2018) (quoting *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 945 P.2d 992 (N.M. 1997)). The purpose of a prima facie tort claim is "to provide a remedy for persons harmed by acts that are intentional and malicious, but otherwise lawful, which fall outside of the rigid traditional intentional tort categories." *Bogle v. Summit Inv. Co., LLC*, 137 N.M. 80, 89, 107 P.3d 520, 529 (N.M. Ct. App. 2005) (citation and quotation marks omitted). In other words, "[p]rima facie tort should be used to address wrongs that otherwise escape categorization, … but should not be used to evade stringent requirements of other established doctrines of law." *Hagebak v. Stone*, 133 N.M. 75, 82, 61 P.3d 201, 208 (N.M. Ct. App. 2003) (brackets and quotations omitted).

In their removal notice and briefs, Defendants make three arguments.

First, they contend that Plaintiff cannot establish the first element of a prima facie tort claim – allegations of an intentional and lawful act – because her alleged injury resulted from an *unlawful* act – but the tort only covers injuries resulting from *lawful* acts. *See Hill v. Cray Rsch., Inc.*, 864 F. Supp. 1070, 1078 (D.N.M. 1991) (Burciaga, J.) ("If Defendants' termination of Plaintiff's employment was … a tortious wrongful discharge, and thereby … *unlawful,* the first element of a lawful act cannot be met.") (emphasis in original); *Dimond v. Innovative Servs., Inc.*, No. CIV 95-0071 JC/WWD, 1995 WL 877501, at *1 (D.N.M. July 5, 1995) (Conway, J.) ("If an express or implied contract of employment were applicable to Plaintiff, his termination was allegedly caused by 'unlawful' conduct of the defendant employer. The essential element of a *prima facie* tort—harm resulting from a *lawful* act—could not be satisfied. Therefore, the *prima facie* tort count fails to state a claim on which relief can be granted.") Thus, Defendants contend that retaliatory discharge cannot establish a prima facie tort claim because tortious retaliatory discharge is an unlawful – not lawful – act.

Second, Defendants argue that the second element of Plaintiff's claim – an intent to injure – also fails. They note, correctly, that decisions from the Tenth Circuit and this Court indicate that "New Mexico law does not recognize a claim for prima facie tort in employment-at-will situations." *Cordova v. PNM Elec. & Gas Services*, 72 Fed. App'x. 789, 793 (10th Cir. 2003) (unpublished). The reason "prima facie tort and the at-will doctrine do not mix," *Hill*, 864 F. Supp. at 1079, is because a plaintiff's "injury … must be to *a legally protected interest*." *Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238, 247 (D.N.M. 1992) (Burciaga, J.) (emphases in original, citation omitted). And at-will employment does not provide "'a legally protected interest' in either continued employment or in termination only for just cause." *Id*; *see also Negrete v. Maloof Distrib. L.L.C.*, 762 F. Supp. 2d 1254, 1287 (D.N.M. 2007) (Browning,

J.) ("A plaintiff may not advance a claim for wrongful termination of an at-will employment under the guise of prima facie tort, because that would emasculate the doctrine of employment terminable at will.") (citation and quotation marks omitted); *Hill*, 864 F. Supp. at 1079 ("in light of the existence of the employment at will doctrine and the facts of this case, Plaintiff is unable to satisfy the necessary elements of prima facie tort."); *Ontiveros v. Biotest Pharms. Corp.*, No. CIV. 12-729 LH/WPL, 2014 WL 11531413, at *14 (D.N.M. Jan. 8, 2014) (Hansen, J.) ("If Plaintiff is an at-will employee, Defendant is entitled to judgment as a matter of law because New Mexico law does not recognize a claim for prima facie tort in employment-at-will situations.") (quotation marks omitted). Because Plaintiff was an at-will employee, Defendants vigorously stress that her claim against Ms. Gonzalez is doomed as a matter of law.

Third, Defendants argue that Plaintiff's prima facie tort claim is impermissibly duplicative of her retaliatory discharge claim. *See Five Star Automatic Fire Prot., LLC v. Nuclear Waste P'ship, LLC*, No. CV 14-622 JCH/GBW, 2016 WL 9449457, at *9 (D.N.M. May 13, 2016) (Herrera, J.) (stating that a prima facie tort claim "that is duplicative of other claims is not permitted.") Even though a duplicative prima facie tort claim is not permitted, New Mexico courts nevertheless allow alternative pleading of prima facie tort until the close of evidence. *See Hagebak*, 133 N.M. at 83, 61 P.3d at 209. At that stage, if a "plaintiff's proof is susceptible to submission under one of the accepted categories of tort, the action should be submitted to the jury on that cause and not under prima facie tort." *Id*. This prevents "double recovery," *Schmitz*, 109 N.M. at 396, 785 P.2d at 736, and misuse of the tort as a "'catch-all' alternative for every action that cannot stand on its own legs." *Hagebak*, 133 N.M. at 83, 61 P.3d at 209; *Stock v. Grantham*, 125 N.M. 564, 964 P.2d 125 (N.M. Ct. App. 1998) (holding that a prima facie tort claim may not be used as a means of avoiding the more stringent requirements of the tort of

intentional infliction of emotional distress, which requires proof of extreme and outrageous conduct.) Defendants argue that Plaintiff's prima facie tort claim is duplicative of her retaliatory discharge claim.

Turning to Plaintiff's arguments, she does not necessarily challenge the substance of Defendants' contentions. She instead stresses that, at this procedural posture, flexible pleading allows her to develop the facts of her case before dismissing her claim prima facie tort claim against Ms. Gonzales. She relies heavily on *Hagebak*, 133 N.M. at 77, 61 P.3d at 203, where the plaintiff sued his former coworker for defamation and prima facie tort for disparaging statements made about the plaintiff during a grievance hearing. The district court believed the factual allegations were duplicative and dismissed the prima facie tort claim. *Id*, 133 N.M. at 82, 61 P.3d at 208. The New Mexico Court of Appeals reversed. The appellate court explained that the plaintiff's prima facie tort claim went "far beyond simple defamation," and therefore "further factual development" would be needed to determine whether the prima facie tort claim duplicated the defamation claim. *Id.*, 133 N.M. at 83, 61 P.3d at 209 (citations omitted). Because prima facie tort liability is a "very fact-specific balancing process," the court held that the plaintiff was "entitled to a reasonable opportunity to marshall sufficient evidence to prove his case." *Id*.

Plaintiff therefore asks the Court to deny Defendants' motion to dismiss Ms. Gonzales given that discovery has not been completed and she states that flexible pleading allows her to maintain her prima facie tort until the close of evidence. In her reply brief, Plaintiff also explains that her two claims are distinct because her prima facie tort claim was based in part on her "fear for her safety," which is not an issue normally present in a retaliatory discharge claim. *See Sherrill v. Farmers Ins. Exch.*, 374 P.3d 723, 727 (N.M. Ct. App. 2016) (the elements of a

retaliatory discharge claim requires proof that the employee (1) made "a specific expression of public policy which the discharge violated;" (2) "acted in furtherance of the clearly mandated public policy;" and (3) "was terminated as a result of those acts.") Plaintiff therefore contends that a merits determination on whether her claims are duplicative is premature and asks the Court to remand the action to state court.

### B. Analysis

The Court agrees with Plaintiff's arguments and grants her motion to remand. Applying the presumption against federal jurisdiction and resolving all doubts in Plaintiff's favor, the Court concludes that Defendants have not demonstrated that there is no possibility that Plaintiff could establish a cause of action for prima facie tort against Ms. Gonzales. Plaintiff's allegations establish that Defendants made her "fearful of her safety," Compl., at ¶ 15, which is unrelated to the elements of her retaliatory discharge claim. *See Sherrill*, 374 P.3d at 727. Whether Plaintiff's allegations are ultimately legally viable is not for the Court to decide given the procedural posture of this case. *See Hagebak*, 133 N.M. at 83, 61 P.3d at 209 (holding that the plaintiff was "entitled to a reasonable opportunity to marshall [sic] sufficient evidence to prove his case. Whether he can do so is another question, and the district court is free to revisit the viability of the prima facie tort claim at a future time.") A determination of prima facie tort liability is a "very fact-specific balancing process." *Id*. Because further factual development would be needed to determine whether Plaintiff's two claims are truly duplicative and discovery has not been completed, the Court declines to dismiss the claim against Ms. Gonzales. Defendants have not carried their burden of proof by a ponderance of the evidence to demonstrate that Ms. Gonzales was fraudulently joined, so Plaintiff's motion to remand is granted.

**CONCLUSION**

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Remand (**Doc. 3**) is **GRANTED**. The Clerk of Court is kindly directed to **REMAND** this case to the Second Judicial District Court of Bernalillo County, New Mexico.

**IT IS SO ORDERED**.

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE